**Raleigh HALE, Petitioner,**

v.

**Jack F. DAVIS, Director, Division of Corrections, Respondent.**

**Civ. A. No. 74–C–202–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Dec. 3, 1974.

James W. Hopper, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) and (4). In this action plaintiff, Raleigh Hale, an inmate at the Botetourt Correctional Unit, Troutville, Virginia, alleges that his constitutional rights have been violated by Jack F. Davis, Director of the Virginia Division of Corrections, in that his application for work release went unanswered and his request for a furlough was denied. He seeks as remedies a court order releasing him from custody and any further confinement relating to his present incarceration and any monetary damages which would be appropriate.

By order of the court on November 4, 1974, plaintiff was allowed to proceed with this *pro se* complaint *in forma pauperis*.

Defendant, Jack F. Davis, has filed a motion for summary judgment, attaching affidavits by James B. Ruark, Work Release Program Supervisor for the Virginia Division of Corrections, and by Don Mahon, Treatment Program Supervisor for the Virginia Division of Corrections. Defendant has also filed prison reports concerning plaintiff's applications for work release and furlough, prison guidelines No. 806 and No. 813, and a copy of a Roanoke City Municipal Court conviction of plaintiff for escape.

Plaintiff asserts that his constitutional rights have been violated by the failure of the defendant to answer his application for work release and by defendant's refusal to grant plaintiff a furlough. In his affidavit, James B. Ruark states that on April 8, 1974, plaintiff "appeared at his own request before the unit's Institutional Classification Committee" and that plaintiff was present before the Committee when that Committee determined that petitioner was ineligible for the Work Release Pro-

gram. The Institutional Classification Committee's Report included in the file reveals that plaintiff was present before the Committee.

The basis of plaintiff's ineligibility was Division Guideline No. 806 (Revised) which prohibits the granting of work release to any inmate who has been convicted for escape during the past three years. Plaintiff was convicted by the Roanoke City Municipal Court for escape on January 3, 1973, and this conviction resulted in plaintiff's ineligibility. Also as a consequence of plaintiff's conviction for escape, he was ineligible for a furlough. Division of Corrections Guideline No. 813 states that an inmate who escapes shall not be eligible to apply for a furlough for a period of two years from the date of the escape.

 The court finds that neither of the Institutional Classification Committee's decisions denying plaintiff eligibility for the Work Release Program and the Furlough Program amounted to a deprivation of plaintiff's constitutional rights. The decisions were clearly within the discretion of internal prison management and show no signs of any invidious discrimination. A proper concern of all prison officials is the protection of society from potential escapes by prisoners. Since the Work Release and Furlough Programs contain a high degree of risk to the community, prison officials should formulate guidelines which will insure the safety of the community. In this regard the ineligibility of former escapees is totally rational and merits no criticism on the part of this court.

Therefore, the court holds that plaintiff's complaint does not contain any allegations of constitutional deprivations and should be dismissed. The court grants defendant's motion for summary judgment and accordingly orders plaintiff's action dismissed. Plaintiff is advised that he may appeal this order and judgment to the United States Court of Appeals for the Fourth Circuit within thirty (30) days of this judgment.